UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GUZMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MARSHALL, et. al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-00828-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS FROM ACTION<br><br>[ECF No. 13] |

Plaintiff Rafael Guzman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint filed on October 15, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

On January 29, 2011, at approximately 8:20 a.m., officer Frazier approached Petitioner and informed he was allowed to go out to the yard. Plaintiff exited his cell, and officer Snyder searched him in the holding cages. Plaintiff was then led down a hallway out of the cell block.

Plaintiff proceeded to make a right turn which would have placed him in the proper exercise yard; however, at that point officer Snyder ordered him to make a left turn to the group yard. Plaintiff immediately informed officer Snyder that he was a member of the Southern Group and his life would be in danger if he was placed in the Northern yard group.

Officer Snyder told Plaintiff that she was going to "see what he was made of and thereafter shoved [Plaintiff] out into the Northern group yard." Plaintiff alleges officer Snyder knowingly and deliberately placed his life in jeopardy. Immediately after Plaintiff was forced onto the Northern yard he was attacked and shot in the back by a big block gun.

///

2

# II.

# DISCUSSION

### A. Eighth Amendment Violation-Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Snyder for the failure to protect him, in violation of the Eighth Amendment.

### B. Supervisory Liability

Plaintiff contends Warden John Marshall is liable for the failure to supervise and his own misconduct in failing to ensure that his subordinate staff are not only fully trained, but also disciplined for their acts. Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

1    Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory
2 liability claim against Warden Marshall.   Plaintiff contends that "once discovery is ordered this court
3 will see that there is in fact a pattern of this widespread misconduct that has previously resulted in
4 constitutional violations such as in the instant case."  However, Plaintiff is advised that a complaint,
5 even pro se, must "raise the right to relief above the speculative level" by alleging facts which create
6 "a reasonable expectation" that discovery will reveal the evidence necessary to prove his claim.  Bell
7 Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007).  The only basis for such a claim would be
8 respondeat superior, which is precluded under section 1983.  Accordingly, Plaintiff fails to state a
9 cognizable claim against Warden Marshall.

### C.     Officer Frazier

Plaintiff contends that officer Frazier is equally liable for her failure to protect him from the assault based on her failure to intervene.  Plaintiff alleges in vague and conclusory terms that Defendant Frazier was in close proximity to the violation and wholly failed to intervene to protect Plaintiff.  However, nothing in Plaintiff's complaint sets forth officer Frazier's knowledge of any potential harm and failure to act beyond advising Plaintiff that that he was allowed to go out to yard, which is insufficient.   Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Therefore, to state a cognizable claim, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his constitutional rights.  Because Plaintiff fails to link Frazier to any affirmative act or omission, he fails to state a cognizable claim.

## III.
## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint sets forth a cognizable claim against Defendant Snyder for failure to protect in violation of the Eighth Amendment, but does not state any other claims for relief

4

under section 1983. Plaintiff has previously been notified of the deficiencies and given leave to amend with assistance from the Court. Plaintiff has now filed an amended complaint and has failed to correct the deficiencies in his pleadings. The Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed October 15, 2013, against Defendant Snyder for failure to protect in violation of the Eighth Amendment;

2. Plaintiff's Eighth Amendment claims against Defendants Warden Marshall and officer Frazier be dismissed, with prejudice, for failure to state a claim; and

3. Defendants Marshall and Frazier be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 4, 2013**

UNITED STATES MAGISTRATE JUDGE