UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GUZMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN MARSHALL, et. al.,<br><br>            Defendants. | Case No.: 1:12-cv-00828-LJO-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>[ECF No. |

Plaintiff Rafael Guzman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial complaint on May 21, 2012. On September 23, 2013, the Court screened the complaint and found Plaintiff stated a cognizable claim of failure to protect against Defendant Snyder only. Plaintiff was granted the opportunity to file an amended complaint or notify the Court of intent to proceed on the cognizable claim only.

On October 15, 2013, Plaintiff filed a first amended complaint. On November 4, 2013, the undersigned issued Findings and Recommendation, recommending dismissal of Defendants Warden John Marshall and correctional officer Frazier from the action for failure to state a cognizable claim. On December 6, 2013, Plaintiff filed objections.

1    In his objections, Plaintiff contends that he states a cognizable claim against Defendants
2 Marshall and Frazier and sets forth additional factual allegations as to each Defendant that was not set
3 forth in his prior complaint.
4    In light of the additional allegations set forth in Plaintiff's objections, and in the interest of
5 justice, the undersigned will vacate the Findings and Recommendations and grant Plaintiff one
6 additional opportunity to file a second amended complaint.  Plaintiff is advised that in the future, the
7 Court will consider only the factual allegations made in the complaint so he is encouraged to state
8 completely his claims in his Second Amended Complaint or his claims will be subject to dismissal.
9 Plaintiff's second amended complaint should be brief, Fed R. Civ. P. 8(a), but must state what each
10 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  See
11 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In addition, Plaintiff may not change the nature of this
12 suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607
13 (7th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
14 right to relief above the speculative level…."  Bell Atlantic Corp. v. Trowmbly, 550 U.S. 544, 555
15 (2007).
16    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
17 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds,
18 Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); King v. Atiyeh, 814 F.2d 565, 567 (9th
19 Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading."
20 Local Rule 220.
21    Accordingly,
22    IT IS HEREBY ORDERED that:
23    1.   The Findings and Recommendations, issued November 4, 2013, are vacated;
24    2.   Plaintiff is granted thirty (30) days from the date of service of this order in which to file
25 his second amended complaint; and
26 ///
27 ///
28 ///

2

3.      If Plaintiff fails to comply with this order, the Court will re-issue the Findings and Recommendations recommending dismissal Defendants Marshall and Frazier from the action for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **December 23, 2013**

UNITED STATES MAGISTRATE JUDGE