UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GUZMAN,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN MARSHALL, et al.,<br><br>        Defendants. | Case No.: 1:12-cv-00828-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL, DIRECTING PLAINTIFF TO FILE A RESPONSE TO DISCOVERY REQUESTS WITHIN TWENTY DAYS, AND GRANTING EXTENSION OF DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>[ECF No. 35] |

Plaintiff Rafael Guzman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Snyder and Frazier for failure to protect in violation of the Eighth Amendment.

On January 20, 2015, Defendants filed a motion to compel. (ECF No. 35.) Plaintiff did not file an opposition within twenty-one days, and the motion is deemed submitted pursuant to Local Rule 230(l).

**I.**

**DISCUSSION**

**A.**    **Motion to Compel**

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete

1

responses. Fed. R. Civ. P. 37(a)(3)(B). "It is well established that a failure to object to discovery request within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

On November 14, 2014, Defendants Frazier and Snyder served their discovery requests on Plaintiff. (Angus Decl. Ex. A-C.) Pursuant to the discovery and scheduling order, Plaintiff's responses to the discovery requests were due on or before December 29, 2014. (ECF No. 23.) As of the date of the filing of the motion to compel, Defendants have not received any responses to their discovery requests. (Angus Decl. ¶ 5.)

Plaintiff's failure to timely respond to Defendants' discovery requests or procure an extension of time is a violation of Plaintiff's discovery obligations. Accordingly, the Court will grant Defendants' motion to compel directing Plaintiff to provide complete responses-without objections-to Defendants' requests for discovery. See Richmark Corp., 959 F.2d at 1473 (quoting Davis, 650 F.2d at 1160 ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.")).

**B.     Extension of Discovery and Dispositive Motion Deadline**

Defendants seek an extension of the discovery deadline given that Plaintiff failed to respond to their discovery requests within the discovery cut-off date. Defendants further "need additional time to draft and file a further motion to compel, if necessary, and schedule and take Plaintiff's deposition." Defendants therefore request an extension of forty-five days from the date of receipt of Plaintiff's discovery responses to take Plaintiff's deposition and file a motion to compel.

In addition, Defendants request an extension of time to file their dispositive motion. The current dispositive motion deadline is set to expire on March 30, 2014. (ECF No. 23.) Defendants reason that because they have not yet received Plaintiff's responses to the discovery requests, they have been unable to prepare their dispositive motion.

Accordingly, on the basis of good cause, the Court will extend the discovery and dispositive motion deadlines in light of the instant motion to compel.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, filed January 20, 2014, is GRANTED;
2. Within **thirty (30)** days from the date of service of this order, Plaintiff shall file a response to Defendants' discovery requests;
3. The discovery deadline is extended from January 19, 2015, to **May 20, 2015**; and
4. The dispositive motion deadline is extended from March 30, 2015, to **July 20, 2015**.

IT IS SO ORDERED.

Dated: **February 19, 2015**

UNITED STATES MAGISTRATE JUDGE

3