**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RAFAEL GUZMAN,

Plaintiff,

v.

JOHN MARSHALL, et al.,

Defendants.

Case No.: 1:12-cv-00828-LJO-SAB (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

[ECF No. 29]

Plaintiff Rafael Guzman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 19, 2014, Defendants filed a motion for summary judgment. Pursuant to court order, Plaintiff filed an opposition on December 12, 2014, and Defendants filed a reply on December 22, 2014. On January 26, 2015, Plaintiff filed a request to file a surreply, along with a copy of the surreply. (ECF Nos. 37, 38.)

**I.**

**DISCUSSION**

**A. Plaintiff's Motion to File a Surreply**

Plaintiff has filed a request to file a surreply, along with a copy of his surreply. The filing of a surreply is not authorized by the Federal Rules of Civil Procedure and Local Rules. The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CV F 05869

REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005). However, district courts have discretion to either permit or preclude a surreply. See U.S. ex. rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2000).

In this instance, the Court has reviewed Plaintiff's surreply and finds it is not necessary to resolution of Defendants' motion for summary judgment and does not advance further arguments not already presented to the Court. Accordingly, Plaintiff's motion to file a surreply is DENIED.

**B. Motion for Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact

precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**C. Exhaustion under the Prisoner Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and the appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four

levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

**D. Allegations of Complaint**

On January 29, 2011, at approximately 8:20 a.m., officer Frazier approached Plaintiff and informed him he was allowed to go out to the yard. Plaintiff exited his cell, and officer Snyder searched him in the holding cages. Plaintiff was then led down a hallway out of the cell block.

Plaintiff proceeded to make a right turn which would have placed him in the proper exercise yard; however, at that point officer Snyder ordered him to make a left turn to the group yard. Plaintiff immediately informed officer Snyder that he was a member of the Southern Group and his life would be in danger if he was placed in the Northern yard group.

Officer Snyder told Plaintiff that she was going to "see what he was made of and thereafter shoved [Plaintiff] out into the Northern group yard." Plaintiff alleges officer Snyder knowingly and deliberately placed his life in jeopardy. Immediately after Plaintiff was forced onto the Northern yard he was attacked and shot in the back by a big block gun.

Prior to Plaintiff's placement into the inmate population, the committee interviews an inmate under California Department of Corrections and Rehabilitation ("CDCR") 128G report which takes into consideration certain relevant information to prevent certain civil rights violations.

///

///

///

///

///

///

**E. Statement of Undisputed Facts**[1]

1. At the time of the alleged incidents at issue in this action, Plaintiff was a state prisoner incarcerated within the CDCR.

2. On February 16, 2011, Plaintiff filed administrative appeal log number CCI-0-11-00223 complaining that Defendant Officer Snyder led Plaintiff into the Northern Group Yard where Plaintiff was shot by a nonlethal gun.

3. On February 25, 2011, Plaintiff was paroled from CCI to Region Three Immigration. Subsequently, on March 19, 2012, Plaintiff was discharged from CDCR to Federal Prison.

4. On April 1, 2011, Plaintiff's Appeal Log No. CCI-0-11-00223 was partially granted at the second level of review, in that an investigation was conducted.

5. Plaintiff learned of the second level decision on Appeal Log No. CCI-0-11-00223 by April 16, 2011.

6. Plaintiff submitted an appeal to the third level of review.

7. On June 7, 2011, the third level of review screened out Plaintiff's appeal at the third level of review for bypassing the first and second levels of review.

8. Plaintiff commenced this action on May 21, 2012.

9. On October 16, 2013, the third level of review received a letter from Plaintiff requesting an update on the status of a 602 appeal.

10. On October 17, 2013, the third level of review sent Plaintiff a response to his October 16, 2013 letter, providing Plaintiff with a summary of the status of all received appeals at the third level of review.

11. Plaintiff has not submitted any other appeals that have been accepted or screened out regarding the incident at issue in the action or these Defendants.

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

12. Aside from Plaintiff's October 16, 2013, correspondence, Plaintiff did not submit any requests inquiring about the status of his inmate appeal, Log No. CCI-0-11-00223.

**F. Parties' Positions**

1. Defendants' Argument in Support of Motion for Summary Judgment

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies with respect to his failure to protect claim against Defendants Snyder and Frazier because he failed to receive a third level decision on his inmate appeal.

2. Plaintiff's Position

Plaintiff argues that he did not have access to the administrative remedy process and therefore should not be required to have exhausted his administrative remedies before commencing this action. More specifically, Plaintiff contends that shortly after he submitted his Appeal Log No. CCI-0-11-00223, he was transferred to federal custody and never received the second level review response. Plaintiff further contends that after his transfer, he wrote CCI's appeals coordinator requesting the status of his appeal and on April 11, 2011, he received a response informing him that his appeal had been partially granted and the formal response was being mailed to him.

Plaintiff further contends that after receiving the April 11, 2011, correspondence from the CCI appeals coordinator, Plaintiff submitted something to the "Director of Corrections" in Sacramento, California. Plaintiff submits that he never received a response to this submission and therefore wrote the "Director" an inquiry letter on October 8, 2013.

3. Defendants' Reply

Defendants argue that despite Plaintiff's claim that he did not have access to the administrative remedy process, the evidence clearly demonstrates otherwise.

4. Findings

Defendants argue that Plaintiff timely submitted an appeal concerning the alleged January 29, 2011, incident, Appeal Log No. CCI-0-11-00223. That appeal was categorized as a staff complaint and therefore bypassed the first level of review. On April 1, 2011, a second level decision was issued on the appeal, partially granting the appeal in that an investigation was conducted. Plaintiff learned of

the disposition of his appeal on April 16, 2011, at the latest. Plaintiff, however, never submitted Appeal Log No. CCI-0-11-00223 for third level review.

Rather, on May 17, 2011, Plaintiff submitted an incomplete CDC 602 inmate appeal for third level review. It was noted that Plaintiff's appeal had not gone through first or second level review, as evidenced by the fact that it did not have an institutional log number on it; rather, third level review assigned it a third level appeal log number for tracking purposes. (Briggs Decl. ¶ 3.) In addition, based on the content of Plaintiff's May 17, 2011 appeal, it was categorized as a "disciplinary" issue, indicating the appeal concerned a CDC 115 Rules Violation Report. (Id. at ¶ 7.)

Defendants have met their initial burden of showing Plaintiff failed to exhaust the administrative remedies. To defeat Defendants' motion, Plaintiff must demonstrate that there is a genuine dispute over a material issue of fact as to whether he actually exhausted available remedies, or as to whether he should be excused from the exhaustion requirement.

Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford, 548 U.S. 81, 90 (2006), and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84. However, in this Circuit the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-823 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-940 (9th Cir. 2005). The regulations governing administrative remedy procedures apply with equal force to inmates and prison officials, and thus, if an inmate complies with the procedural rules, but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-823; Nunez, 591 F.3d at 1224.

This exception applies if Plaintiff can show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823-824.

There is no dispute that Appeal Log No. CCI-0-11-00223, if appropriately exhausted, sufficiently placed prison officials on notice of the claims set forth in the instant action. However, the issue revolves on whether Plaintiff properly exhausted this grievance or is excused from doing so. (Id.)

In his opposition, Plaintiff contends that immediately after receiving the April 11, 2011, notice, he filed an appeal to the third level of review, dated April 16, 2011. Plaintiff claims he did not receive a response from the third level of review, until after his inquiry letter dated October 8, 2013. Plaintiff has demonstrated that his efforts were thwarted by prison officials who improperly screened his inmate appeal and rejected it for failure to seek first and second review, despite the fact that the former appeal number was on the inmate appeal. Contrary to Defendants' argument, Plaintiff submits a copy the appeal submitted for third level review on April 16, 2011 (which referenced CDC Appeal Number CCI-0-11-00223), and Defendants fail to address this fact in their motion and reply. The April 16, 2011, date is consistent with the inmate request for interview response, dated April 11, 2011, by J. Zanchi in which Plaintiff was informed that CDC Appeal Number CCI-0-11-00223 was completed and partially granted at the second level and mailed to Plaintiff on April 1, 2011.

While the third level appeal may not have been on the original 602 form, that is consistent with Plaintiff's contention the original 602 appeal form was not returned to him, and Plaintiff appealed by reference to the relevant Log Number CCI-0-11-00223 to the third level of review. Thus, contrary to the third level review response, Plaintiff did not bypass review, rather informal review was automatically bypassed and Plaintiff's appeal was partially granted at the second level. Defendants do not submit the third level appeal referenced as Log No. 1021322, received May 17, 2011 (categorized as a disciplinary appeal) or the rejection notice by the third level; rather, Defendants submit only the log which references code R15-not authorized to bypass any level. In addition, Defendants' argument that any third level appeal submitted by Plaintiff was untimely is not meritorious. As just stated, Plaintiff has submitted evidence that his third level appeal was submitted and dated April 16, 2011- within 15 days after the denial of the second level of review on April 1, 2011. Plaintiff did all that was required of him to exhaust the administrative remedies, and Defendants have failed to carry their ultimate burden of proving that summary judgment is warranted and their motion should be denied.

**II.**

**RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust the administrative remedies be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 16, 2015**

UNITED STATES MAGISTRATE JUDGE