**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL GUZMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN MARSHALL, et al.,<br><br>  Defendants. | Case No.: 1:12-cv-00828-LJO-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>[ECF No. 59] |

Plaintiff Rafael Guzman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 12, 2016, the Findings and Recommendations issued December 17, 2015, were returned to the Court with a notation "undeliverable, no longer at facility."

Plaintiff is required to keep the Court apprised of his current address at all times (Local Rule 182(f), and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Plaintiff's address change was due by March 21, 2016, but he failed to file one and he has not otherwise been in contact with the Court. In fact, on March 4, 2016, the Court's February 18, 2016, order regarding consent to magistrate judge jurisdiction was returned as "undeliverable."

On March 2, 2016, Defendants filed a notice and submit that defense counsel "performed a search of Plaintiff's location through the Federal Bureau of Prisons and discovered Plaintiff was released from prison on November 10, 2015. (ECF No. 58-1, Declaration of Andrea Sloan ¶ 4 (Sloan Decl.).) Counsel then contacted Plaintiff's last known institution, LaSalle Detention Facility in Jena, LA and inquired as to how to get in contact with Plaintiff. (Id. ¶ 5.) Counsel was referred to the Immigration and Customs Enforcement (ICE) location in Louisiana, as Plaintiff was not legally in the United States. (Id. ¶ 6.) On February 12, 2016, counsel "spoke with ICE Enforcement and Removal Assistant, Cynthia." (Id. ¶ 7.) Counsel was informed that ICE records indicate Plaintiff was deported to his country of origin on December 11, 2015. (Id.) Defendants request dismissal of the action for failure to prosecute.

On March 22, 2016, the Court directed Plaintiff to show cause within twenty days why the action should not be dismissed for failure to prosecute. (ECF No. 59.) The twenty day time frame has expired and Plaintiff has failed to respond to the Court's order. Accordingly, dismissal of the action is warranted.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine *(*PPA*)* Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. Further, an opposing party is necessarily prejudiced by the aging of a case left to idle indefinitely as a result of the Plaintiff's disinterest in either moving forward or taking action to dismiss the case. Id.

///

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. at 1228.

Finally, given the Court's and Defendants' inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441.

Accordingly, the Court HEREBY DISMISSES this action, without prejudice, based on Plaintiff's failure to prosecute by keeping the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **April 15, 2016**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE